**LAW OFFICE OF ADAM G. SINGER, PLLC**
Adam G. Singer (AS7294)
asinger@adamsingerlaw.com
Brett D. Sherman (BS4917)
brett.sherman@adamsingerlaw.com
60 E. 42nd Street, Suite 4600
New York, NY 10165
T: 212.842.2428

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EVAN KUSHNER,<br><br>*Plaintiff,*<br><br>-against-<br><br>CAPITAL ACCOUNTS, LLC, AND EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>*Defendants.* | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Evan Kushner ("Plaintiff" or "Mr. Kushner"), by his attorneys, the Law Office of Adam G. Singer, PLLC, as and for his Complaint against Defendants Capital Accounts, LLC ("Capital Accounts" or "Furnisher Defendant") and Experian Information Solutions, Inc. ("Experian" or "CRA Defendant"), alleges as follows:

**Preliminary Statement**

1. This is an action for actual, statutory, and punitive damages, injunctive relief, and statutory attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. "FCRA"), and the New York Fair Credit Reporting Act, NY General Business Law § 380 et seq. ("NY FCRA").

2. Congress enshrined within the FCRA the "need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." §1681(a)(4).
3. Congress plainly stated the purpose of the FCRA, namely "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information . . . ." §1681(b).
4. Defendant Experian is a nationwide credit reporting agency. Capital Accounts is a company that engages in debt collection, and a "furnisher of information" to Experian under the FCRA. Regarding Plaintiff, Capital Accounts furnished inaccurate and derogatory information to Experian about an alleged unpaid debt ("Account" or "Inaccurate Account") purportedly once owed by Plaintiff to a New York Corporation called Superior Sanitation, Inc. ("Superior Sanitation") and now in collection with Capital Accounts. As Plaintiff describes herein, he is not responsible and cannot be held responsible for the Account. Experian, in turn, reported, and continues to report, the Inaccurate Account on a tradeline ("Tradeline" or "Inaccurate Tradeline") on the Experian credit report ("Experian Credit Report" or "Experian Report") for Mr. Kushner.
5. Plaintiff discovered the Inaccurate Account and Tradeline when, in June 2017, he reviewed his Experian credit report. He promptly and in writing disputed the Inaccurate Tradeline directly with Experian, which – in turn and upon information and belief – communicated the inaccuracy to Furnisher Defendant Capital Accounts.

6. Moreover, Plaintiff also wrote directly to Capital Accounts to dispute about the Inaccurate Tradeline and Account.

7. Defendant Capital Accounts violated the FCRA by:

    a. failing to conduct a reasonable investigation of Plaintiff's dispute, and

    b. failing to review all relevant information provided by consumer reporting agency Experian, and failing to promptly modify, delete, or permanently block any information it could not verify as accurate, in violation of §1681s-2(b)(1).

8. Defendant Experian violated the FCRA (and analogous provisions of the NY FCRA) by:

    a. failing to conduct a reasonable reinvestigation of Plaintiff's dispute and delete or modify that information, in violation of §1681i, and, upon information and belief, failing to perform certain other related duties pursuant to and in violation of that same provision, and

    b. failing to maintain procedures to ensure the maximum possible accuracy of the information it reported about Plaintiff, in violation of §1681e(b).

9. As a direct and proximate result of Defendants' negligent and willful actions, conduct, and omissions including, upon information and belief, publishing inaccurate derogatory information to third-parties, Plaintiff suffered cognizable actual damages (both economic and non-economic), including, but not limited to, credit denials, and/or offers for credit at higher interest rates, damage to his reputation, emotional distress, embarrassment, aggravation, and frustration.

10. Each Defendant's willful violations of the FCRA entitles Plaintiff to an award of punitive damages.

## Jurisdiction and Venue

11. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p). This Court has supplemental jurisdiction of those state law claims asserted herein pursuant to 28 U.S.C. § 1367(a).

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

## Parties

13. Plaintiff is an individual and "consumer" within the meaning of the FCRA (15 U.S.C. § 1681a(c)) and NY FCRA (NY GBL § 380-a(b)).

14. Capital Accounts is a Tennessee limited liability company duly authorized and qualified to do business in the State of New York.

15. Capital Accounts, the Furnisher Defendant, is a "furnisher of information" within the meaning of the FCRA (15 U.S.C. § 1681s-2 et seq.).

16. Experian, the CRA Defendant, is an Ohio corporation, duly authorized and qualified to do business in the State of New York.

17. Experian is a "consumer reporting agency" within the meaning of the FCRA (15 U.S.C. § 1681a(f)) and the NY FCRA (G.B.L. § 380-a(e)).

## Factual Background

### *The Inaccurate Account and Tradeline*

18. This Inaccurate Account appears to relate to an alleged corporate debt for which Plaintiff has no connection apart from his capacity as a trustee and minor shareholder of the parent company of the relevant entity.

19. Plaintiff, Mr. Kushner, is the Trustee of Econo-Truck Body & Equipment, Inc., a New York Corporation ("Econo"), which, together with Lakeview Properties, LLC ("Lakeview

Properties”), owns an apartment complex called Lakeview Apartments (“Lakeview Apartments”; collectively, Econo, Lakeview Properties, and Lakeview Apartments are “Lakeview”). Plaintiff is a trustee of Econo. Absent an express undertaking of personal responsibility for Lakeview’s purported debt to Superior Sanitation – and there was no such undertaking – Mr. Kushner is not personally responsible for payment the Account.

20. Lakeview solicited a proposal from Superior Sanitation to repair a septic system problem at Lakeview Apartments. As stated above, at no time did Mr. Kushner agree to incur any personal responsibility for work performed by Superior Sanitation. Indeed, Mr. Kushner never spoke to or otherwise interacted with Superior Sanitation. Moreover, Lakeview did not hire Superior Sanitation, and Superior Sanitation performed no work for Lakeview. Nor did Superior Sanitation receive a promise of payment in exchange for work. Accordingly, Plaintiff is not, and cannot be, personally liable to Superior Sanitation for the alleged Lakeview debt.

21. On June 6, 2017, Plaintiff obtained a copy of his Experian Credit Report. The Experian Report included the Inaccurate Tradeline, reported by Furnisher Defendant Capital Accounts. For the reasons described above, the Account is not a debt (to the extent the alleged debt has any legitimacy whatsoever) for which Mr. Kushner can be held personally responsible. The Tradeline is, therefore, inaccurate and a material error on Plaintiff’s Experian Credit Report.

22. By letter signed and notarized on June 23, 2017 (“June 23 Dispute Letter”), Plaintiff notified CRA Defendant Experian and Furnisher Defendant Capital Accounts that, for the same reasons described above (i.e., that Mr. Kushner has no personal responsibility for any alleged debt to Superior Sanitation), the Account cannot be lawfully attributed to Plaintiff, and, therefore, Tradeline is inaccurate. In the June 23 Dispute Letter, Mr. Kushner formally

requested that Experian immediately remove the Tradeline from his Experian Report. That Dispute Letter provided ample documentation to support Mr. Kushern's claim.

23. By communication dated July 12, 2017, Experian notified Plaintiff that Experian had completed its reinvestigation into the disputed and inaccurate Tradeline, and that – as a result of its reinvestigation – Experian would not make changes to or delete the Tradeline. Experian stated on July 12 that it would seek further information about the Account from Capital Accounts.

24. As of this writing, the inaccurate Tradeline remains on Plaintiff's Experian Credit Report.

25. On August 29, 2017, Mr. Kushner sent a letter to CRA Defendant Experian ("August 29 Letter") to provide Experian with a statement, for inclusion on his Experian credit report, to describe Plaintiff's continuing disagreement with Experian's unreasonable investigation, findings, and refusal to remove the Inaccurate Tradeline regarding the Account reported by Capital Accounts from Plaintiff's Experian Report.

26. Plaintiff's August 29 Letter is authorized by 15 U.S.C. §1681i(b) and NY GBL § 380-f(c). Experian is required by 15 U.S.C. §1681i(c), in all subsequent credit reports issued for Mr. Kushner, to "clearly note" that Plaintiff continues to contest the Disputed Account reported by Capital Accounts provid[ing] either [Mr. Kushner's §1681i(b) and § 380-f(c)] statement or a clear and accurate codification or summary thereof…"

27. As of September 11, 2017, Experian has failed to comply with the obligation imposed by §1681i(c) and § 380-f(c).

***Defendants' Failures to Comply with the FCRA and NYFCRA***

28. Even though Plaintiff has submitted signed and notarized documentation to show that he is not personally responsible for any debt to Superior Sanitation, CRA Defendant Experian

failed to modify or delete the Account and Tradeline Errors and, instead, continued to report the Account and Tradeline Errors on Plaintiff's Experian Report.

29. Experian has failed to perform reasonable investigations and/or reinvestigations of Plaintiff's dispute, as required by the FCRA, has failed to remove the inaccurate information from his Experian Report, and has continued to attribute the Account and Tradeline Errors to Plaintiff.

30. Moreover, Furnisher Defendant Capital Accounts, despite having been supplied with detailed information showing that Plaintiff cannot be personally responsible for any alleged debt to Superior Sanitation, continues to falsely report the Account as a debt owed by Plaintiff to Superior Sanitation.

31. At all relevant times, Defendants were acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under Defendants' direct supervision and control.

32. The conduct of the Defendants, as well as that of their agents, servants and/or employees, was negligent, malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and Plaintiff's rights.

***Damages***

33. Because of Defendants' misconduct, Plaintiff suffered actual damages in the form of economic and non-economic harm, both of which are cognizable pursuant to the FCRA and NY FCRA.

34. Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to his credit rating and reputation. Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

35. Plaintiff's credit reports and file have been obtained from Defendant Experian and been reviewed by prospective and existing credit grantors and extenders of credit. The inaccurate information has, upon information and belief, been a substantial factor in precluding Plaintiff from receiving many different credit offers and opportunities, known and unknown, and from receiving the most favorable terms in financing and interest rates for credit offers that were ultimately made.

36. For example, because of the false information on Plaintiff's Experian credit report, Plaintiff was recently notified by Solar Mosaic, Inc., that he had not been approved for the full amount of financing for which he applied for the purpose of solar panel installation.

37. Additionally, the inaccurate credit reporting cost Plaintiff significant time in pursuit of a corrected report, mental anguish and anxiety, stress, and interference with his ability to work and function normally.

## FIRST CAUSE OF ACTION
## VIOLATIONS OF FCRA §1681s-2(b)
## Against Capital Accounts (Furnisher of Information)

38. Plaintiff realleges and incorporates the above paragraphs as if reasserted and realleged herein.

39. Capital Accounts, the Furnisher Defendant, violated FCRA §1681s-2(b) by its acts and omissions, including but not limited to:

    a. failing to conduct a reasonable investigation of Plaintiff's dispute, and

    b. failing to review all relevant information provided by CRA Defendant Experian, and,

    c. failing to promptly modify, delete, or permanently block any information it could not verify as accurate, in violation of §1681s-2(b)(1).

40. Due to these violations of §1681s-2(b)(1) by Defendant Capital Accounts, Plaintiff suffered actual damages, including but not limited to loss of credit, damage to reputation, embarrassment, humiliation, anguish and other emotional harm cognizable pursuant to the FCRA.

41. These violations of §1681s-2(b)(1) were willful, rendering the Furnisher Defendant, Capital Accounts, liable for actual damages, statutory damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

42. In the alternative, Capital Accounts was negligent, entitling Plaintiff to recover actual damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1681o.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF FCRA §1681e(b) and §1681i
## (Against CRA Defendant Experian)

43. Plaintiff realleges and incorporates the above paragraphs as if reasserted and realleged herein.

44. CRA Defendant Experian violated multiple sections of 15 U.S.C. §1681i by its acts and omissions, including, but not limited to, the following:

    a. failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information or delete the item from Plaintiff's credit file in violation of §1681i(a)(1);

    b. by failing to review and consider all relevant information submitted by Plaintiff in violation of §1681i(a)(4);

c. by failing to properly delete the disputed inaccurate items of information from Plaintiff's credit files or modify item of information upon a lawful reinvestigation in violation of §1681i(a)(5); and

d. failing to "clearly note that [the inaccurate information] is disputed by the consumer and provide either [Mr. Kushner's §1681i(b)] statement or a clear and accurate codification or summary thereof" in violation of §1681i(c).

45. CRA Defendant Experian violated 15 U.S.C. §1681e(b) by its conduct, acts and omissions, including, but not limited to, failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff in the preparation of his credit report and credit files that it published and maintained.

46. Because of Experian's violations of §1681i and §1681e(b), Plaintiff suffered actual damages including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, anguish and other emotional harm cognizable pursuant to the FCRA.

47. These violations of §1681i and §1681e(b) were willful, rendering Experian liable for actual damages, statutory damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

48. In the alternative, Experian was negligent, entitling Plaintiff to recover actual damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681o.

## THIRD CAUSE OF ACTION
## VIOLATIONS OF NY FCRA §380-f and §380-j
## (Against CRA Defendant Experian)

49. Plaintiff realleges and incorporates the above paragraphs as if reasserted and realleged herein.

50. CRA Defendant Experian violated multiple sections of the NY FCRA (NY GBL §§380-380-u) by its acts and omissions including:

   a. failing to promptly reinvestigate Plaintiff's dispute to determine whether the disputed information is inaccurate and record the current status of the disputed information in violation of §380-f(a);

   b. failing, after determining that the disputed information is in error or that it can no longer be verified, to promptly expunge the item and otherwise correct the file and refrain from reporting the item in subsequent consumer reports, in violation of §380-f(b);

   c. failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff in the preparation of his credit report and credit files that it published and maintained in violation of §380-j(e); and

   d. failing to "clearly note" that the inaccurate information is disputed by the consumer and provide Mr. Kushner's statement describing the continuing dispute of the inaccurate information in violation of §380-f(c)(1) through (c)(4).

51. These violations of §380-f and §380-j(e) were willful, making Experian liable for actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to §380-l. Plaintiff also is entitled to injunctive relief restraining Experian from any further violations of Plaintiff's rights pursuant to the NY FCRA.

52. In the alternative, the CRA Defendant Experian was negligent, entitling Plaintiff to recover actual damages and costs and reasonable attorney's fees pursuant to §380-m, as well as injunctive relief restraining Defendants from any further violations of Plaintiff's rights pursuant to the NY FCRA.

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against Defendants:

1. Awarding Plaintiff against each Defendant actual damages, statutory damages, punitive damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n and §1681o as well as, with regard to CRA Defendant Experian, NY GBL §380-l and §380-m;
2. Ordering CRA Defendant Experian:
    a. to immediately delete all inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom Experian reports consumer credit information, and
    b. to send updated and corrected credit report information to all persons and entities to whom Experian has reported inaccurate information about Plaintiff within the last three years;
3. Enjoining CRA Defendant Experian from violating Plaintiff's NY FCRA rights; and
4. Such other and further relief as may be necessary, just, and proper

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

*/s/ Adam G. Singer*
**LAW OFFICE OF ADAM G. SINGER, PLLC**
Adam G. Singer (AS7294)
asinger@adamsingerlaw.com
Brett D. Sherman (BS4917)
brett.sherman@adamsingerlaw.com
60 E. 42nd Street, Suite 4600
New York, NY 10165
T: 212.842.2428