UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EVAN KUSHNER,

                Plaintiff,

v.

CAPITAL ACCOUNTS, LLC, and
EXPERIAN INFORMATION
SOLUTIONS, INC.,

                Defendants.

Case No. 17-cv-06921

ECF Case

---

**EXPERIAN INFORMATION SOLUTIONS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES**

NOW COMES defendant Experian Information Solutions, Inc. ("Experian"), by and through its undersigned counsel, and in answer to the Complaint of Plaintiff Evan Kushner ("Plaintiff"), states as follows:

**Preliminary Statement**

1.      In response to paragraph 1 of the Complaint, Experian admits that Plaintiff has alleged claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), and the New York Fair Credit Reporting Act, N.Y. Gen. Bus. L. § 380 *et seq.* ("NY FCRA").  With regard to allegations related to entities other than Experian, Experian is without knowledge or information sufficient to form a belief of the truth or falsity of those allegations and, therefore, denies those allegations.  Experian denies, generally and specifically, each and every remaining allegation contained in paragraph 1.

2.      In response to paragraph 2 of the Complaint, Experian states that this paragraph asserts a legal conclusion to which no response is required.  To the extent that a response is

required, Experian refers the Plaintiff to the statutory text of the FCRA and denies any assertion

to the extent that it is inconsistent with the statute.

3.       In response to paragraph 3 of the Complaint, Experian states that this paragraph

asserts a legal conclusion to which no response is required.  To the extent that a response is

required, Experian refers the Plaintiff to the statutory text of the FCRA and denies any assertion

to the extent that it is inconsistent with the statute.

4.       In response to paragraph 4 of the Complaint, Experian admits that it is a

"consumer reporting agency" as that term is defined in 15 U.S.C. § 1681a(f).  Experian is

without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations contained in paragraph 4 and, on that basis, denies them.

5.       In response to paragraph 5 of the Complaint, Experian admits that it received

correspondence that appeared to be sent by Plaintiff regarding the Capital Accounts tradeline.

Experian admits that it communicated with Capital Accounts regarding the information reported

about Plaintiff.  Experian is without knowledge or information sufficient to form a belief as to

the truth of the remaining allegations contained in paragraph 5 and, on that basis, denies them.

6.       In response to paragraph 6 of the Complaint, Experian is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in

paragraph 6 and, on that basis, denies them.

7.       In response to paragraph 7 of the Complaint, Experian is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in

paragraph 7 and, on that basis, denies them.

8.       In response to paragraph 8 of the Complaint, Experian denies each and every

allegation.

9.      In response to paragraph 9 of the Complaint, with regard to allegations related to entities other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, denies those allegations. Experian denies each and every remaining allegation in paragraph 9.

10.      In response to paragraph 10 of the Complaint, with regard to allegations related to entities other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, denies those allegations. Experian denies each and every remaining allegation in paragraph 10.

**Jurisdiction and Venue**

11.      In response to paragraph 11 of the Complaint, Experian states that this is paragraph asserts a legal conclusion to which no response is required.  To the extent a response is required, Experian admits that Plaintiff has asserted that the jurisdiction of this Court is appropriate under 15 U.S.C. § 1681(p) and that supplement jurisdiction is appropriate over state law claims under 28 U.S.C. § 1367(a).

12.      In response to paragraph 12 of the Complaint, Experian states that this is paragraph asserts a legal conclusion to which no response is required.  To the extent a response is required, Experian admits that Plaintiff has asserted that this Court is a proper venue for this action under 28 U.S.C. § 1391(b)(2).

**Parties**

13.      In response to paragraph 13 of the Complaint, Experian admits, upon information and belief, that Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1681a(c) and N.Y. Gen. Bus. L. § 380-a(b).

14.     In response to paragraph 14 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, denies those allegations.

15.     In response to paragraph 15 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, denies those allegations.

16.     In response to paragraph 16 of the Complaint, Experian admits that it is an Ohio corporation.  Experian states that the assertion that it is "duly authorized and qualified to do business in the State of New York" is vague, and on that basis denies it.

17.     In response to paragraph 17 of the Complaint, Experian admits that it is a "consumer reporting agency" as that term is defined in 15 U.S.C. § 1681a(f) and N.Y. Gen. Bus. L. § 380-a(e).

### Factual Background

18.     In response to paragraph 18 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, denies those allegations.

19.     In response to paragraph 19 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, denies those allegations.

20.     In response to paragraph 20 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, denies those allegations.

21.     In response to paragraph 21 of the Complaint, Experian denies that the referenced tradeline is inaccurate or that it constitutes a material error.  Experian is without knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 21 and, therefore, denies those allegations.

22.     In response to paragraph 22 of the Complaint, Experian admits that it received correspondence that was dated June 23, 2017 regarding the referenced tradeline.  With regard to allegations related to entities other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, denies those allegations.  Experian denies each and every remaining allegation in paragraph 22.

23.     In response to paragraph 23 of the Complaint, Experian admits that it sent correspondence to Plaintiff on or about July 12, 2017 informing him of the reinvestigation results regarding the tradeline.  Experian  denies each and every remaining allegation in paragraph 23.

24.     In response to paragraph 24 of the Complaint, Experian denies each and every allegation.

25.     In response to paragraph 25 of the Complaint, Experian admits that it received correspondence dated August 29, 2017 including proposed language to be included on Plaintiff's consumer report.  Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 25 and, therefore, denies those allegations.

26.     In response to paragraph 26 of the Complaint, Experian denies each and every allegation.

27.     In response to paragraph 27 of the Complaint, Experian denies each and every allegation.

28.     In response to paragraph 28 of the Complaint, Experian denies each and every allegation.

29.     In response to paragraph 29 of the Complaint, Experian denies each and every allegation.

30.     In response to paragraph 30 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, denies those allegations.

31.     In response to paragraph 31 of the Complaint, with regard to allegations related to entities other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, denies those allegations. Experian denies each and every remaining allegation in paragraph 31.

32.     In response to paragraph 32 of the Complaint, with regard to allegations related to entities other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, denies those allegations. Experian denies each and every remaining allegation in paragraph 32.

33.     In response to paragraph 33 of the Complaint, with regard to allegations related to entities other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, denies those allegations. Experian denies each and every remaining allegation in paragraph 33.

34.     In response to paragraph 34 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, denies those allegations.

35.     In response to paragraph 35 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, denies those allegations.

36.     In response to paragraph 36 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, denies those allegations.

37.     In response to paragraph 37 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, denies those allegations.

**FIRST CAUSE OF ACTION**
**VIOLATIONS OF FCRA §1681s-2(b)**
**Against Capital Accounts (Furnisher of Information)**

38.     In response to paragraph 38 of the Complaint, Experian incorporates by reference, as if fully set forth herein, its responses to paragraphs 1 to 37 of the Complaint.  To the extent not already answered, Experian denies all allegations therein.

39.     In response to paragraph 39 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, denies those allegations.

40.     In response to paragraph 40 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, denies those allegations.

41.     In response to paragraph 41 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, denies those allegations.

42.     In response to paragraph 42 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, denies those allegations.

## SECOND CAUSE OF ACTION
### VIOLATIONS OF FCRA §1681e(b) and §1681i
### (Against CRA Defendant Experian)

43.     In response to paragraph 43 of the Complaint, Experian incorporates by reference, as if fully set forth herein, its responses to paragraphs 1 to 42 of the Complaint.  To the extent not already answered, Experian denies all allegations therein.

44.     In response to paragraph 44 of the Complaint, Experian denies each and every allegation.

45.     In response to paragraph 45 of the Complaint, Experian denies each and every allegation.

46.     In response to paragraph 46 of the Complaint, Experian denies each and every allegation.

47.     In response to paragraph 47 of the Complaint, Experian denies each and every allegation.

48.     In response to paragraph 48 of the Complaint, Experian denies each and every allegation.

## THIRD CAUSE OF ACTION
### VIOLATIONS OF N.Y. FCRA §380-f and §380-j
### (Against CRA Defendant Experian)

49.     In response to paragraph 49 of the Complaint, Experian incorporates by reference, as if fully set forth herein, its responses to paragraphs 1 to 48 of the Complaint.  To the extent not already answered, Experian denies all allegations therein.

50.     In response to paragraph 50 of the Complaint, Experian denies each and every allegation.

51.     In response to paragraph 51 of the Complaint, Experian denies each and every allegation.

52.     In response to paragraph 52 of the Complaint, Experian denies each and every allegation.

## PRAYER FOR RELIEF

In response to the Prayer for Relief on page 12 of the Complaint and the allegations against Experian, Experian denies that Plaintiff is entitled to the relief sought.  With regard to allegations related to entities other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, denies those allegations.

## AFFIRMATIVE DEFENSES

In further response to Plaintiff's Complaint, Experian hereby asserts the following affirmative defenses, without conceding that it bears the burden of persuasion as to any of them.

### FIRST AFFIRMATIVE DEFENSE

The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

### SECOND AFFIRMATIVE DEFENSE

All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

### THIRD AFFIRMATIVE DEFENSE

Any purported damages allegedly suffered by Plaintiff are the results of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate his alleged damages, the existence of which Experian continues to deny.

## FIFTH AFFIRMATIVE DEFENSE

The Complaint and each claim for relief therein are barred by laches.

## SIXTH AFFIRMATIVE DEFENSE

Any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff and/or third parties and resulted from Plaintiff's or third parties' own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

## SEVENTH AFFIRMATIVE DEFENSE

Any alleged damages sustained by Plaintiff were the direct and proximate result of the conduct of Plaintiff.  Therefore, Plaintiff is estopped and barred from recovery of any damages.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint, and each claim for relief therein that seeks equitable relief, are barred by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

The Complaint, and each claim for relief therein that seeks equitable relief, are barred by the statute of limitations.

## TENTH AFFIRMATIVE DEFENSE

Any alleged damages sustained by Plaintiff were not caused by Experian, but by an independent intervening cause.

## ELEVENTH AFFIRMATIVE DEFENSE

Any claims for exemplary or punitive damages violate Experian's rights under the First, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, and analogous provisions of any applicable State Constitutions.

## TWELFTH AFFIRMATIVE DEFENSE

Experian reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1)    That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2)    For costs of suit and attorneys' fees herein incurred; and

(3)    For such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        November 13, 2017

Respectfully submitted,
/s/ *Michael M. Klotz*
Michael M. Klotz
JONES DAY
250 Vesey Street
New York, New York 10281-1047
Telephone:  (212) 326-3939
Email: mklotz@jonesday.com

*Attorneys for Defendant*
*Experian Information Solutions, Inc.*

11

12

## CERTIFICATE OF SERVICE

I. Michael M. Klotz, hereby certify that on November 13, 2017, I caused the foregoing

EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER AND AFFIRMATIVE

DEFENSES, to be filed with the Clerk of Court and served upon all counsel of record via the

CM/ECF system.


/s/ Michael M. Klotz

*Attorney for Defendant*
*Experian Information Solutions, Inc*.

.