December 4, 2017

**VIA ECF**
The Hon. Cathy Seibel, U.S.D.J.
Charles L. Brieant United States Courthouse
300 Quarropas Street
White Plains, New York 10601

    **Re: Kushner v. Capital Accounts LLC et al., 7:17-cv-06921 (CS)**
    *Rule 26(f) Written Report (Proposed for Inclusion in the Court's Civil Case Discovery Plan and Scheduling Order)*

Dear Judge Seibel:

    Plaintiff Evan Kushner and Defendant Experian Information Solutions, Inc. ("Experian") in the above-referenced action ("Action") respectfully submit this joint report pursuant to Fed. R. Civ. P. 26(f) (the "Report"), and propose that Your Honor include this Report as part of the Court's Civil Case Discovery Plan and Scheduling Order. Defendant Capital Accounts LLC has not yet appeared in the action, and did not participate in the Parties' Rule 26(f) Conference despite numerous requests by Plaintiff, in writing and by telephone, that it do so. Accordingly, as used in this Report, the term Parties refers only to Plaintiff and Defendant Experian.

1. On November 20, 2017 at 5 p.m., counsel for the parties held a telephone conference to discuss issues identified in FRCP 26(f) ("26(f) Conference"). During this telephone conference, the Parties agreed upon deadlines regarding discovery, but did not reach agreement on other discovery issues.

2. Document format:

    a. **Plaintiff's Statement:**
        i. The parties have not been able to reach an agreement about the form of production. Plaintiff has requested materials (and agreed to provide the same) in either a TIFF+ or .pdf+ format and provided support for the same at Experian's request. Defendants have asserted that that it would be too costly to do so and asked whether Plaintiff would pay that cost but have not agreed to provide Plaintiff with a cost estimate despite multiple requests to do so.
        ii. Plaintiff will continue to work to resolve this issue with Experian in advance of the initial pre-trial conference.

    b. **Defendant Experian's Statement:**
        i. Defendant Experian has offered to produce documents in PDF format, and to meet and confer, after Plaintiff has the opportunity to review this

production, to determine whether it is necessary to produce documents in TIFF+ or .pdf+ format. Plaintiff has not informed Defendant Experian whether it would be willing to pay for the cost of producing files in the requested format, if it is possible to do so.

3. To date, no documents have been exchanged between the Parties. Plaintiff served his first requests for production of documents and first set of interrogatories on Experian November 22, 2017. Plaintiff has agreed to an extension until January 5, 2018 for Defendant Experian to respond to these requests.

4. The Parties have engaged in preliminary settlement discussions, and both Plaintiff and Experian have expressed a willingness to pursue settlement discussions further to explore whether an early resolution of this case between these Parties is possible.

5. Summary of the nature of the Parties' claims and defenses:

    a. Plaintiff asserts claims against Experian and Capital Accounts for violations of the Fair Credit Reporting Act ("FCRA"), and the New York Fair Credit Reporting Act ("NY FCRA") against Defendant Experian, based on the following facts:

        i. Defendant Capital Accounts, a debt collector, furnished incorrect information to Experian about a debt ("Debt") purportedly owed by Plaintiff that Experian reported as a tradeline with inaccurate information ("Inaccurate Tradeline") on Plaintiff's credit report. In fact, the Debt (to the extent it was ever incurred) was a debt of a corporate entity for which Plaintiff serves as Trustee. At no time did Plaintiff undertake personal responsibility for the Debt.

        ii. Upon discovering the Inaccurate Tradeline on his Experian credit report, Plaintiff submitted a well-documented dispute letter ("Dispute") to Experian and Capital Accounts that confirmed that he had no personal responsibility for the Debt.

        iii. Contrary to the requirements of respective provisions of the FCRA (and in Experian's case, the NY FCRA) (a) Defendants each failed to perform a reasonable investigation of the Dispute and, as a result, (b) Experian continued to report the Inaccurate Tradeline on Plaintiff's credit report for months. Defendants' unlawful actions caused Plaintiff to suffer pecuniary and non-pecuniary damages.

        iv. Defendants' unlawful conduct renders Defendants liable to under the FCRA (and, for Defendant Experian, NY FCRA), entitling Plaintiff to an award of actual damages, statutory damages, costs, reasonable attorney's

fees and, if Plaintiff proves that Defendants' conduct was willful or even reckless, to an award of punitive damages.

b. Defendant Experian denies that it violated the FCRA or the NY FCRA, and states as follows:

   i. Defendant Experian received several dispute communications from Plaintiff regarding a debt in the amount of $1,986. Plaintiff asserted to Defendant Experian that he had "no connection to the alleged debt. . .other than that I happen to be an officer of the corporation Econo-Truck Body & Equipment, Inc." Plaintiff submitted evidence to Defendant Experian which indicates that he is the Chief Executive Officer of Econo-Truck Body & Equipment, Inc., and that Plaintiff's home address is the Principal Executive Office of Econo-Truck Body & Equipment, Inc.

   ii. Defendant Experian denies that Plaintiff submitted evidence which confirmed that he had no personal responsibility for the Econo-Truck Body & Equipment, Inc. debt.

   iii. In response to Plaintiff's dispute of the Econo-Truck Body & Equipment, Inc. debt, Defendant Experian contacted Capital Accounts LLC and communicated that Plaintiff had disputed the accuracy of the Econo-Truck Body & Equipment, Inc. tradeline on the grounds that this was a corporate debt that he was not liable for. Capital Accounts LLC confirmed that the tradeline was properly associated with Plaintiff. Defendant Experian timely informed Plaintiff of the dispute results, and continued to associate this tradeline with Plaintiff. Plaintiff subsequently contacted Defendant Experian and continued to dispute the Econo-Truck Body & Equipment, Inc. tradeline.

   iv. Defendant Experian denies that it failed to engage in a reasonable reinvestigation in response to Plaintiff's dispute of the Econo-Truck Body & Equipment, Inc. debt.

   v. Defendant Experian lacks knowledge or information sufficient to form a belief as to whether Plaintiff suffered a concrete injury due to the reporting of the Econo-Truck Body & Equipment, Inc. debt.

   vi. Defendant Experian denies that Plaintiff is entitled to any of the requested relief against it.

Respectfully submitted,

*/s/ Adam G. Singer*
**LAW OFFICE OF ADAM G. SINGER, PLLC**
Adam G. Singer
60 E. 42nd Street, Suite 4600
New York, NY 10165
T: 212.842.2428
E: asinger@adamsingerlaw.com


*/s/ Michael M. Klotz*
Michael M. Klotz
**JONES DAY**
250 Vesey Street
New York, NY 10281
T: 212.326.3796
E: mklotz@jonesday.com
*Counsel for Defendant Experian Information Solutions, Inc.*


*Enclosure: Form of Civil Case Discovery Plan and Scheduling Order (The Hon. Cathy Seibel)*